PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1992 Dodge Caravan struck a man hole cover while he was traveling on an access road located off of Route 19 near Summersville, Nicholas County. The access road off of Route 19 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly set forth below.
The incident giving rise to this claim occurred at approximately 12:00 p.m. on November 25, 2002, a clear day. The claimant was traveling on a two-lane, unmarked access road located in front of a shopping center in Summersville. As claimant proceeded diagonally through the shopping center’s parking lot, he noticed a deep rut on the road and decided to travel on the access road instead. After the claimant turned onto the access road, he struck a manhole cover which was approximately six inches high and five-feet in diameter. Mr. Hall stated that he noticed the manhole cover approximately twenty-feet ahead of his vehicle. Although claimant could have veered to the right of the manhole cover to avoid striking it, he did not expect it would be raised so high above the pavement. The claimant sustained damage to two tires, the vehicle’s k-ffame, and the vehicle’s axle totaling $1,335.00.
The position of the respondent is that it did not have notice of the condition of the manhole cover on the access road off of Route 19. James D. Brown, Assistant County Supervisor for respondent in Nicholas County, testified that the area where the incident occurred was primarily a construction entrance. The respondent had placed barricades over the manhole cover, but the traveling public would frequently remove these barricades. Mr. Brown explained that when the manhole cover was placed in the road, it was level with the surface of the roadway. Even though the access road was maintained by respondent, Mr. Brown stated that the manhole cover was not maintained by respondent. The witness further testified that he did not have knowledge of any other travelers who struck the manhole cover on this access road.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman *62 v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the instant case, the evidence established that respondent had, at the least, constructive notice of the manhole cover that claimant’s vehicle struck, and that it presented a hazard to the traveling public on the access road off of Route 19. It is respondent’s position that it did not have the responsibility for maintaining the manhole cover. Nevertheless, the Court finds that the respondent left the manhole cover in a hazardous state since it was at one time level with the road. Thus, there is sufficient evidence of negligence to base an award. The Court is also of the opinion that claimant was negligent in his operation of the vehicle. Since the claimant saw the manhole cover approximately twenty feet ahead of his vehicle, the Court finds that the claimant should have proceeded to the right of the manhole cover in the road. In a comparative negligence jurisdiction such as West Virginia, the negligence of a claimant may reduce or bar recovery in a claim. The Court concludes that the claimant was forty-percent (40%) negligent. Since the negligence of claimant is not greater than or equal to the negligence of respondent, claimant may recover sixty percent (60%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the
Court is of the opinion to and does make an award to claimant in the amount of $801.00.
Award of $801.00.